**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 15, 2006**

**TENTH CIRCUIT**

LARRY LYNN COLLINS,

        Petitioner-Appellant,

v.

CHARLES RAY, Warden,

        Respondent-Appellee.

No. 05-6384

(W.D. of Okla.)

(D.C. No. CV-04-289-R)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

    Petitioner-Appellant Larry Collins, a state prisoner appearing *pro se*, seeks a Certificate of Appealability (COA) to appeal the denial of his writ of habeas corpus petition, filed pursuant to 28 U.S.C. § 2254.  Because Collins has not made a substantial showing of the denial of a constitutional right, we DENY a COA and DISMISS the appeal.

---

[*]  This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

## I. Background

Collins was convicted of conspiracy to manufacture a controlled dangerous substance (methamphetamine) and unlawful possession of anhydrous ammonia in an unauthorized container. After exhausting his state court remedies, Collins filed a habeas petition in federal district court. Collins asserted four claims for habeas relief: (1) his two convictions violated the Fifth Amendment's double jeopardy prohibition; (2) limitations placed on cross-examination at trial violated his Sixth Amendment right to confrontation; (3) his co-defendant's testimony, without corroboration, was insufficient to convict him; and (4) the prosecutor committed prejudicial error by asking the jury to send a message to other potential offenders, improperly appealing to societal alarm.[1]

The district court, adopting a magistrate judge's recommendation, denied Collins's petition for writ of habeas corpus and petition to proceed *in forma pauperis*. Collins now seeks to obtain a COA from this court, *see* 28 U.S.C. § 2253(c)(1)(A), based on the same grounds that were denied by the district court.

## II. Analysis

This court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he

---

[1] Collins also asserted several claims under Oklahoma state law. Because habeas relief can only be obtained on federal claims, *see Estelle v. McGuire,* 502 U.S. 62, 67 (1991), we do not consider his state-based claims in this proceeding.

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In conducting our analysis, we are limited to "an overview of the claims in the habeas petition and a general assessment of their merits" rather than "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). Because Collins appears *pro se*, we construe his claims liberally. *See Cummings v. Evans,* 161 F.3d 610, 613 (10th Cir. 1998).

## A. Double Jeopardy

Collins was convicted of two offenses: (1) conspiracy to manufacture methamphetamine, and (2) possession of anhydrous ammonia, a precursor chemical used in manufacturing methamphetamine. Collins argues that the offense of possession of anhydrous ammonia amounted to the "overt act" necessary for establishing conspiracy and therefore constituted a lesser included offense, which could not be the basis of a separate criminal conviction and sentence without violating principles of double jeopardy.

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied [for double jeopardy] is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under Oklahoma law, the crime of conspiracy requires four elements: (1) an agreement by two or more

persons (2) to commit the manufacturing of methamphetamine, where (3) the defendant was a party to the agreement, and where (4) one or more of the parties performed an overt act subsequent to the formation of the agreement. *See* Okla. Uniform Jury Instructions–Criminal (2d) No. 2-17; *see also* R. at 46 (Instruction No. 5).

In contrast, to prove possession of anhydrous ammonia in an unauthorized container, the state must demonstrate five elements: (1) the defendant knowingly or intentionally (2) possessed (3) anhydrous ammonia in an unauthorized container (4) with the intent to use the anhydrous ammonia to manufacture (5) the controlled dangerous substance of methamphetamine. *See* Okla. Uniform Jury Instructions–Criminal (2d) No. 6-2B; *see also* R. at 49 (Instruction No. 8).

The Oklahoma Court of Criminal Appeals (OCCA) has held that a "conspiracy to commit an unlawful act constitutes an independent crime, complete in itself and distinct from the unlawful act contemplated." *Hawkins v. State*, 46 P.3d 139, 149 (Okla. Crim. App. 2002). On direct appeal in this case, the OCCA determined that the possession charge did not merge with the crime of conspiracy and that Collins's convictions on both counts did not violate double jeopardy. *See* R. Ex. 3 at 2 (citing *Burns v. State,* 117 P.2d 155, 157 (Okla. Crim. App. 1941).

On habeas review, because this claim was adjudicated on the merits in state court, the district court was required to deny relief unless the petitioner's claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

The district court concluded that, because each of the two crimes required proof of facts that the other did not, there was no double jeopardy violation. In any event, it concluded, the state court's determination did not constitute a contrary or unreasonable application of *Blockburger*. We agree with the district court's assessment and find its conclusions to be undebatable on habeas review.

We therefore deny Collins's request for a COA on this issue.

## B. *Restriction on Cross-Examination*

Collins next challenges an evidentiary ruling that placed restrictions on the cross-examination of his co-defendant who testified at trial. Specifically, Collins argues he should have been allowed to question his co-defendant about prior adjudications as a juvenile offender. The trial court disallowed this line of questioning as improper impeachment. Collins nevertheless contends on appeal that he should have been allowed to delve into the co-defendant's criminal history in order to demonstrate the witness was not a first-time offender. Collins's theory was that his co-defendant's plea agreement was favorable for a repeat offender, thus indicating he had been offered a deal in order to testify. Thus, he argues,

this limitation on the scope of cross-examination deprived him of his Sixth Amendment right to confrontation.

In determining what evidence to admit, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). The Confrontation Clause does not guarantee "cross-examination that is effective in whatever way, and to whatever extent, the defendant might wish." *Id*. To demonstrate a constitutional violation, a petitioner must show "that the evidence, if admitted, would have created reasonable doubt that did not exist without the evidence." *Patton v. Mullin,* 425 F.3d 788, 797 (10th Cir. 2005) (citing *United States v. Valenzuela-Beroal,* 458 U.S. 858, 868 (1982)).

Because the OCCA did not specifically address this issue, the district court considered it *de novo*. The district court concluded Collins had failed to show a constitutional violation, reasoning that Collins's counsel had ample opportunity to cross-examine his co-defendant as to his truthfulness and motive for testifying, which included an inquiry into the plea agreement he reached with the prosecution. In other words, the district court found the line of questioning sought by Collins to be repetitive and overly prejudicial. It therefore found no abuse of discretion by the district court.

We agree. Collins has failed to show how the evidence, if admitted, would have created a reasonable doubt not otherwise created by the permitted questioning on the plea agreement. The jury had already heard testimony demonstrating the state's leniency toward Collins's co-defendant in exchange for testimony against Collins and was able to weigh that information along with other factors bearing on the witness's credibility. Thus, questioning the witness about prior bad acts could further no legitimate purpose. The only added value of this questioning to Collins was as improper impeachment of the witness's character.

Collins has failed to meet his burden of making a substantial showing of the denial of a constitutional right, and we deny a COA on this issue.

## C. Sufficiency of Evidence

Collins next claims he was denied a fair trial on a theory that the uncorroborated testimony of his co-defendant was insufficient to sustain the conviction.[2] The district court liberally construed this claim as raising a federal constitutional sufficiency claim and properly exercised its prerogative under 28 U.S.C. § 2254(b)(2) to deny Collins's claim on the merits.

"[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,*

---

[2] Relatedly, Collins argued below that the trial court should have instructed the jury on corroboration, but he does not renew this argument on appeal.

443 U.S. 307, 319 (1979) (emphasis in original). The *Jackson* standard gives latitude to the trier of fact to resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences from facts. *Id.* In applying this standard, the court "may not weigh conflicting evidence nor consider the credibility of witnesses" but must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996). Moreover, "[t]he Constitution does not prohibit convictions based primarily on accomplice testimony." *Foster v. Ward*, 182 F.3d 1177, 1193 (10th Cir. 1999).

For substantially the same reasons as provided by the court below, we conclude that Collins has failed to make a sufficient showing that the jury's decision was outside "the bounds of reason." The jury had ample opportunity to assess the credibility of Collins's co-defendant when he testified. Moreover, the jurors need not have relied on his testimony alone, because they were presented with additional evidence from law enforcement, including the following: (1) Collins and his co-defendant were found walking along a rural highway late at night in a remote area near anhydrous ammonia tanks; (2) there was freshly leaking ammonia on the ground beside the tanks; (3) officers discovered a thermos one-tenth of a mile away containing three inches of a liquid that they identified as anhydrous ammonia; (4) while the two defendants were being questioned, the girlfriend of Collins's co-defendant approached them, and the

-8-

officers observed two bottles of Heet and a bicycle inner tube in the back seat of the vehicle; (5) officers found portions of a bicycle inner tube near the ammonia tanks and sections of inner tube in Collins's co-defendant's coat pockets; (6) the process of manufacturing methamphetamine, according to an investigator from the district attorney's office, includes anhydrous ammonia and a gasoline additive such as Heet; and (7) anhydrous ammonia was required by law to be stored in an authorized pressure vessel.

In light of this testimony, we conclude enough evidence was presented on the essential elements of the crimes charged that a rational jury could find Collins guilty beyond a reasonable doubt. Accordingly, we find no basis to grant COA on this issue.

## D. Prosecutor's Comments

Finally, Collins claims the prosecutor prejudiced the jury in his closing argument when he made the following statements:

> The punishment for each one of these offenses is seven years to life. That's a wide range. You get to look at the evidence and decide based on your opinion what you think is appropriate for that sentence. . . . The defendant was going to give these people a hundred dollars to drive him over here and steal anhydrous ammonia. The defendant is the person responsible for manufacturing methamphetamine. The defendant is the person who makes someone like [his co-defendant], a seventeen-year-old boy, in a position where he's . . . using drugs and having to go to some drug treatment program at seventeen years old. The defendant is the person who puts these people in this position by stealing anhydrous ammonia from farmers in Jefferson County to be used to make drugs to infiltrate our society with those drugs. You tell this

-9-

defendant that we do not like that. *You tell this defendant he cannot do that and get away with it.*

Tr. at 144–45 (emphasis added). Collins argues these statements represent an appeal to "societal alarm"—*i.e.*, that the jury was implicitly asked to send a message to other similarly situated potential offenders by recommending that Collins receive a harsh sentence.

Habeas claims of prosecutorial misconduct are reviewed only for violation of due process. *See Darden v. Wainwright,* 477 U.S. 168, 181 (1986). Collins must show that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id*. We have held that "even [a]n improper appeal to societal alarm typically does not amount to a denial of due process." *Duckett v. Mullin*, 306 F.3d 982, 990 (10th Cir. 2002) (internal quotations omitted); *see also Brecheen v. Reynolds,* 41 F.3d 1343, 1356 (10th Cir. 1994) (holding "improper appeals to societal alarm" and requests for "vengeance for the community" do not amount to denial of due process).

The OCCA rejected Collins's claim, reasoning that any improper appeal to societal alarm constituted harmless error in this case. Because the claim had been adjudicated by the state court, the federal district court again employed the deferential standard of 28 U.S.C. § 2254(d). The district court concluded that, because the jury was instructed on their responsibility to consider the evidence in determining guilt, and because the jury recommended punishment well within the

range of sentencing, the state court's decision did not unreasonably apply federal principles of due process.

We agree. It was neither contrary to, nor an unreasonable application of, federal law, for the state to conclude the above comments did not so infect the trial proceedings as to deny Collins the fundamental fairness to which he is entitled under the Constitution.

### III. Conclusion

For the reasons stated above we DENY a COA and DISMISS the appeal. We GRANT Collins's motion to proceed *in forma pauperis*.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge